IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEON BUD HOTCHKISS, # 287596, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:16cv961-MHT |
| | ) | |
| PHYLLIS BILLUPS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254

filed by Leon Bud Hotchkiss ("Hotchkiss"), a state inmate incarcerated at Kilby Correctional

Facility in Mt. Meigs, Alabama. Doc. 1.  Hotchkiss challenges his 2013 conviction in the Baldwin

County Circuit Court on charges of trafficking marijuana, for which he was sentenced to 40 years

in prison.

## I.  DISCUSSION

Title 28 U.S.C. § 2241(d) allows Hotchkiss to bring his § 2254 petition in either (a) the

district court for the district wherein he is in custody (here, the Middle District of Alabama, where

Kilby Correctional Facility is located), or (b) the district court for the district within which the

state court that convicted and sentenced him was held (the Southern District of Alabama, where

Baldwin County is located).   Section 2241(d) provides that this court "in the exercise of its

discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district

court for the district within which the State court was held which convicted and sentenced [the

petitioner]."  28 U.S.C. § 2241(d).

Because the matter complained of by Hotchkiss stems from his conviction and sentence imposed by the Baldwin County Circuit Court, and since the records related to Hotchkiss's conviction and sentence are located in Baldwin County, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Southern District of Alabama for hearing and determination.[1]

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further ORDERED that the parties shall file any objections to this Recommendation on or before **December 29, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 15th day of December, 2016.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE

---

[1] A decision on Hotchkiss' application for *in forma pauperis* status (Doc. 2) is reserved for ruling by the United States District Court for the Southern District of Alabama.